UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM STAPLES,

    Plaintiff,

v.

UNITED STATES OF AMERICA, ET AL.,

    Defendants.

_____/

Case No. 16-cv-12367

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**ORDER OF PARTIAL DISMISSAL AND ORDER DIRECTING PLAINTIFF TO PROVIDE THE COURT WITH THE INFORMATION AND DOCUMENTATION NEEDED TO EFFECTUATE SERVICE UPON THE REMAINING DEFENDANTS**

## I. INTRODUCTION

The Court has before it Plaintiff William Staples' *pro se* civil rights complaint. Plaintiff is a federal prisoner currently confined at the United States Prison-Hazelton, located in Bruceton Mills, West Virginia. Plaintiff has filed a lawsuit against seven defendants. The Court has reviewed plaintiff's complaint and now dismisses it in part. The Court will further order plaintiff to provide four (4) additional copies of the complaint to the Court and to specifically identify the remaining "John Doe" defendant within one hundred and twenty (120) days of this order, so that the Court can properly effectuate service upon the remaining

-1-

defendants.

## II. STANDARD OF REVIEW

A plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). Because plaintiff is alleging that his constitutional rights were violated by persons acting under color of federal law, plaintiff's complaint is properly construed as a *Bivens* action. *See, e.g., Shehee v. Luttrell,* 199 F.3d 295, 298 (6th Cir. 1999).

Under the Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. § 1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997). The

screening provisions of the PLRA are applicable to *Bivens* actions brought by federal inmates. *See*, *e.g.*, *Diaz v. Van Norman,* 351 F. Supp. 2d 679, 680–81 (E.D. Mich. 2005).

### III. BACKGROUND

Plaintiff alleges that he was previously incarcerated at the Federal Correctional Institution at Milan, Michigan ("FCI-Milan"). Plaintiff claims he was being treated for several chronic medical conditions. Plaintiff claims that each time he received treatment for these illnesses, he was charged a co-pay of $2.00. In total, plaintiff was required to pay $12.00 in co-payments. Plaintiff appealed these co-payments to defendant Dr. Charles Samuel, Jr., the Director of the Federal Bureau of Prisons, and Defendant Harrella Watts, the Administrator of National Inmate Appeals, but his appeals were denied.

Next, Plaintiff claims that Defendant Stone, the Unit Manager at FCI-Milan, failed to provide postage to plaintiff to enable him to mail out various administrative appeals. Plaintiff alleges that Stone's failure to provide him postage caused one of his civil cases to be dismissed for failure to comply with a court date.

Plaintiff claims that Defendants Murphy, Bowman, and "John Doe" forced

him to work in the prison kitchen, even though plaintiff's medical conditions prevented him from being able to work. Plaintiff claims that the defendants threatened to place him in the Special Housing Unit (SHU) if he did not work. Plaintiff claims that he suffered a heart attack as a result of being forced to work and was rushed to the hospital.

Plaintiff seeks monetary and injunctive relief.

### IV. DISCUSSION

Plaintiff's action against the United States of America must be dismissed. Absent a waiver, sovereign immunity shields the Federal Government and its agencies from being sued. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1996). A *Bivens* cause of action therefore cannot be brought against the federal government or a federal agency. *Id.* at 483-86. A plaintiff who wishes to bring a lawsuit against the United States must identify a waiver of sovereign immunity in order to proceed, and if he cannot identify such a waiver, the claim must be dismissed on jurisdictional grounds. *See Reetz v. U.S.*, 224 F.3d 794, 795 (6th Cir. 2000) (citing *Dalehite v. United States*, 346 U.S. 15, 30 (1953)). Plaintiff has not identified any waiver of sovereign immunity by the federal government with regards to his cause of action, thus, any claim against the federal government must be dismissed. Plaintiff's lawsuit against the United States of America is thus barred by the

doctrine of sovereign immunity. *See Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir. 1990).

Plaintiff's action against Defendants Samuel and Watts for refusing to relieve him of his co-payments fails to state a claim upon which relief can be granted. "It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay." *White v. Corr. Med. Servs. Inc.*, 94 F. App'x 262, 264 (6th Cir. 2004) (*citing Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997)). Plaintiff does not allege that he was denied medical treatment because of his inability to pay, thus, the imposition of a co-payment each time plaintiff received medical treatment did not violate plaintiff's right to due process. *Id.*

The Court believes that Plaintiff may have stated a colorable claim against the four remaining defendants. Plaintiff, however, has not provided the Court with sufficient copies of the complaint for service to be made upon the remaining defendants. Plaintiff has also failed to specifically identify the "John Doe" defendant whom he wishes to file suit against.

"An inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving upon him a summons and copy of the complaint." *Reed–*

*Bey v. Pramstaller*, No. 06–10934, 2007 WL 2421422 at *2 (E.D. Mich. Aug. 23, 2007) (citing *Feliciano v. DuBois*, 846 F. Supp. 1033, 1048 (D. Mass. 1994)). Where a plaintiff is proceeding *in forma pauperis,* as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *See Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); FED. R. CIV. P. 4(c)(2); 28 U.S.C. § 1915(d). The Court will therefore order Plaintiff to submit four additional copies of the complaint for service upon each of the defendants whom he wishes to sue. Plaintiff will be given 120 days to provide the additional copies. *See* FED. R. CIV. P. 4(m).

In addition, although courts generally do not favor use of "John Doe" to identify defendants, where the identify of a party is unknown prior to the filing of a complaint, courts generally allow a plaintiff to identify the unknown defendant through discovery, unless it is clear that discovery would not uncover the identities of the defendants. *Haney v. 5th E. Dist. Police Dep't*, No. 12-CV-14684, 2012 WL 5389914, at *4 (E.D. Mich. Nov. 5, 2012) (citing *Yates v. Young*, 772 F.2d 909 (Table), 1985 WL 13614, *2 (6th Cir. Aug.28, 1985)). Accordingly, the Court will grant plaintiff 120 days from the date of this order to obtain and provide to this Court the name of the "John Doe" defendant who he claims participated in the

deprivation of his constitutional rights.

## V. ORDER

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED IN PART WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915(A) as to defendants United States of America, Dr. Charles Samuel Jr., and Harrella Watts.

**IT IS FURTHER ORDERED** that Plaintiff shall submit four additional copies of the complaint to the Court within **one hundred and twenty (120) days** of the date of this order so that service may be effectuated upon each of the defendants. The Court shall provide Plaintiff with one copy of the complaint to assist him in this endeavor. This copy should be returned to the Court with the additional copies. Plaintiff's failure to comply with the Court's Order may result in dismissal of the complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall provide the name and identity of the "John Doe" defendant named in this complaint to this Court within **one hundred and twenty (120) days** of this order or the complaint will be dismissed without prejudice against this defendant.

**IT IS SO ORDERED.**

Dated: July 6, 2016             s/Gershwin A. Drain
   Detroit, Michigan         GERSHWIN A. DRAIN
                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **July 6, 2016.**

                                   s/Tanya R. Bankston
                                   TANYA R.BANKSTON
                                   Case Manager & Deputy Clerk