UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM STAPLES,

    Plaintiff,

v.

STONE, *et al.*,

    Defendants.
_____/

Case No. 16-cv-12367

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**SECOND ORDER OF PARTIAL DISMISSAL, DIRECTING PLAINTIFF TO PROVIDE THE COURT WITH THE INFORMATION AND DOCUMENTATION NEEDED TO EFFECTUATE SERVICE UPON THE REMAINING DEFENDANTS, AND DENYING PLAINTIFF'S REQUEST FOR CORRESPONDENCE TO BE SENT BY CERTIFIED MAIL [7]**

**I. INTRODUCTION**

In June 2016, Plaintiff William Staples filed a *pro se* civil rights complaint. Dkt. No. 1. Plaintiff is a federal prisoner currently confined at the United States Prison-Hazelton, located in Bruceton Mills, West Virginia. Plaintiff filed a lawsuit against seven defendants. The Court reviewed plaintiff's complaint, dismissed one claim, and ordered Plaintiff to provide copies and documentation needed to effectuate service in July 2016. Dkt. No. 5.

After Plaintiff failed to comply with the July order, the Court ordered Plaintiff to show cause why his case should not be dismissed on December 13, 2016. Dkt. No. 6. Plaintiff submitted a response to the order to show cause,

improperly labeled as a motion, on December 28, 2016. Dkt. No. 7. In his response, Plaintiff claims that the July 2016 order "was never delivered to [him]." *Id*. at 3 (Pg. ID No. 35). He also requests that the Court send correspondence related to this case by certified mail to him. *Id*. at 1 (Pg. ID No. 33).

The Court will reiterate its findings from the July 2016 order within this order. For the reasons stated below, the Court denies Plaintiff's request to have the Court send all his correspondence by certified mail and dismisses part Plaintiff's complaint for failure to state a claim and misjoinder. The Court will further order plaintiff to provide three (3) additional copies of the complaint to the Court and to specifically identify the remaining "John Doe" defendant within sixty (60) days of this order, so that the Court can properly effectuate service upon the remaining defendants.

## II. STANDARD OF REVIEW

A plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). Because plaintiff is alleging that his constitutional rights were violated by persons acting under color of federal law, plaintiff's complaint is properly construed as a *Bivens* action. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 298 (6th Cir. 1999).

Under the Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. § 1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." I*d.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Br*ien, 974 F. Supp. 635, 636 (E.D. Mich. 1997). The screening provisions of the PLRA are applicable to *Bivens* actions brought by federal inmates. *See, e.g., Diaz v. Van Norman*, 351 F. Supp. 2d 679, 680–81 (E.D. Mich. 2005).

### III. BACKGROUND

Plaintiff alleges that he was previously incarcerated at the Federal Correctional Institution at Milan, Michigan ("FCI-Milan"). Plaintiff claims he was being treated for several chronic medical conditions. Plaintiff claims that each time he received treatment for these illnesses, he was charged a co-pay of $2.00. In total, plaintiff was required to pay $12.00 in co-payments. Plaintiff appealed these co-payments to defendant Dr. Charles Samuel, Jr., the Director of the Federal

Bureau of Prisons, and Defendant Harrella Watts, the Administrator of National Inmate Appeals, but his appeals were denied.

Next, Plaintiff claims that Defendant Stone, the Unit Manager at FCI-Milan, failed to provide postage to plaintiff to enable him to mail out various administrative appeals. Plaintiff alleges that Stone's failure to provide him postage caused one of his civil cases to be dismissed for failure to comply with a court date.

Plaintiff claims that Defendants Murphy, Bowman, and "John Doe" forced him to work in the prison kitchen, even though plaintiff's medical conditions prevented him from being able to work. Plaintiff claims that the defendants threatened to place him in the Special Housing Unit (SHU) if he did not work. Plaintiff claims that he suffered a heart attack as a result of being forced to work and was rushed to the hospital.

Plaintiff seeks monetary and injunctive relief.

## IV. Discussion

### A. Plaintiff's First Claim Must Be Dismissed Due to Sovereign Immunity and Failure to State A Claim

Plaintiff's action against the United States of America must be dismissed. Absent a waiver, sovereign immunity shields the Federal Government and its agencies from being sued. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1996). A *Bivens* cause of action therefore cannot be brought against the federal government

or a federal agency. *Id.* at 483-86. A plaintiff who wishes to bring a lawsuit against the United States must identify a waiver of sovereign immunity in order to proceed, and if he cannot identify such a waiver, the claim must be dismissed on jurisdictional grounds. *See Reetz v. U.S.*, 224 F.3d 794, 795 (6th Cir. 2000) (citing *Dalehite v. United States*, 346 U.S. 15, 30 (1953)). Plaintiff has not identified any waiver of sovereign immunity by the federal government with regards to his cause of action, thus, any claim against the federal government must be dismissed. Plaintiff's lawsuit against the United States of America is thus barred by the doctrine of sovereign immunity. *See Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir. 1990).

Plaintiff's action against Defendants Samuel and Watts for refusing to relieve him of his co-payments fails to state a claim upon which relief can be granted. "It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay." *White v. Corr. Med. Servs. Inc.*, 94 F. App'x 262, 264 (6th Cir. 2004) (citing *Reynolds v. Wagner*, 128 F.3d 166, 173–74 (3d Cir. 1997)). Plaintiff does not allege that he was denied medical treatment because of his inability to pay, thus, the imposition of a co-payment each time plaintiff received medical treatment did not violate plaintiff's right to due process. *Id.*

**B. Plaintiff's Second Claim Must Be Dismissed Because of Misjoinder**

Plaintiff has two remaining claims: a due process claim against Defendant Stone for failing to provide him with postage stamps and a claim that Defendants Murphy, Bowman, and "John Doe" were deliberately indifferent to his medical needs. Each separate claim will require particularized analysis. As discussed below, Plaintiff's complaint fails to satisfy Federal Rules of Civil Procedure 18 and 20 and the Court must remedy this misjoinder.

Rule 20(a) limits the joinder of parties, and Rule 18(a) limits the joinder of claims. FED. R. CIV. P. 18(a), 20(a). Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Rule 20(a)(1) governs when multiple plaintiffs may bring a joint action: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Rule 18(a) provides: "A party

asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." FED. R. CIV. P. 18(a).

Where multiple parties are named, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all . . . .

*Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (*quoting Garcia v. Munoz*, 2008 WL 2064476, *3 (D.N.J. 2008); Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, 7 Federal Practice & Procedure Civil 3d, § 1655); *see also Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).

Accordingly, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (quoting *Garcia*, 2008 WL 2064476, at *3). The factors that courts consider in determining whether

civil rights claims arise from the same transaction or occurrence include: the time period during which the alleged acts occurred; whether the acts of were related; whether more than one act was alleged; whether the same supervisors were involved; and whether the defendants were at different geographical locations. *See id.*

Here, it is clear that Plaintiff's claims against Defendant Stone arise out of a different occurrence than those against Defendants Murphy, Bowman, and "John Doe." Plaintiff alleges that Defendant Stone failed to give him postage stamps, whereas he alleges that Defendants Murphy, Bowman, and "John Doe" caused him to have a heart attack by forcing him to work when he was ill. These acts are in no way related and cannot coexist within the same case.

As the Seventh Circuit explained:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . .
>
> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).[1]

Thus, the Court must find a remedy for Plaintiff's misjoinder. Federal Rule of Civil Procedure 21 provides that, when misjoinder occurs, "parties may be dropped or added by order of the court on motion of any party or its own initiative at any stage of the action and on such terms as are just." *Proctor*, 661 F. Supp. 2d at 781 (quoting *Nali v. Michigan Dep't of Corrections*, 2007 WL 4465247, *3 (E.D. Mich. 2007)). While misjoinder of parties is not sufficient to dismiss an action as a whole under Rule 21, but it can be sufficient to dismiss misjoined parties. *Id.* (citing *Harris v. Gerth*, 2008 WL 5424134, *4 (E.D. Mich. 2008)).

---

[1] It appears that Plaintiff is familiar with *pro se* civil rights litigation and the Prison Litigation Reform Act's requirements from his other suits against prison officials. *See Staples v. United States*, 2016 WL 5173404 (W.D. Okla. Sept. 21, 2016) (dismissing all of parties and claims except for a *Bivens* claim against an individual defendant); *Staples v. United States*, No. 3:14-CV-1777, 2015 WL 5786106, at *4 (M.D. Pa. Sept. 30, 2015) (finding that Plaintiff's complaint was in violation of Federal Rule of Civil Procedure 20); *Staples v. Chester*, 515 F. App'x 752, 753 (10th Cir. 2013) (affirming district court's grant of summary judgment to defendants on "negligent mail-handling claim because the prison mail procedures were governed by and compliant with the policies established by the Bureau of Prisons"); *Staples v. Sherrod*, No. 11-CV-00108, 2012 WL 1712102 (W.D. La. May 15, 2012) (dismissing Plaintiff's complaint for lack of exhaustion); *Staples v. Dewalt*, 2009 WL 1505560 (E.D. Ky. May 27, 2009) (dismissing Plaintiff's complaint because each of Plaintiff's claims either lacked merit, was not exhausted administratively, or was not within the court's jurisdiction); *Staples v. Casperson*, 6 F. App'x 481 (7th Cir. 2001) (remanding a district court's dismissal of plaintiff's due process claim to be dismissed without prejudice).

In the interests of judicial efficiency and economy, the Court will dismiss Plaintiff's claim against Defendant Stone without prejudice, so that he may properly bring it in a separate proceeding.

### C. The Court Needs Additional Information and Supplies to Proceed With Plaintiff's Third Claim

The Court believes that Plaintiff may have stated a colorable claim against the three remaining defendants. Plaintiff, however, has not provided the Court with sufficient copies of the complaint for service to be made upon the remaining defendants. Plaintiff has also failed to specifically identify the "John Doe" defendant whom he wishes to file suit against.

"An inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving upon him a summons and copy of the complaint." *Reed-Bey v. Pramstaller*, No. 06–10934, 2007 WL 2421422 at *2 (E.D. Mich. Aug. 23, 2007) (citing *Feliciano v. DuBois*, 846 F. Supp. 1033, 1048 (D. Mass. 1994)).

Where a plaintiff is proceeding *in forma pauperis*, as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *See Byrd v. Stone*, 94 F. 3d 217, 219 (6th Cir. 1996); FED. R. CIV. P. 4(c)(2); 28 U.S.C. § 1915(d). The Court will therefore order Plaintiff to submit three additional copies

of the complaint for service upon each of the defendants whom he wishes to sue. Plaintiff will be given sixty (60) days to provide the additional copies. *See* FED. R. CIV. P. 4(m).

In addition, although courts generally do not favor use of "John Doe" to identify defendants, where the identify of a party is unknown prior to the filing of a complaint, courts generally allow a plaintiff to identify the unknown defendant through discovery, unless it is clear that discovery would not uncover the identities of the defendants. *Haney v. 5th E. Dist. Police Dep't*, No. 12-CV-14684, 2012 WL 5389914, at *4 (E.D. Mich. Nov. 5, 2012) (citing *Yates v. Young*, 772 F.2d 909 (Table), 1985 WL 13614, *2 (6th Cir. Aug. 28, 1985)). Accordingly, the Court will grant plaintiff sixty (60) days from the date of this order to obtain and provide to this Court the name of the "John Doe" defendant who he claims participated in the deprivation of his constitutional rights.

**D. The Court Denies Plaintiff's Request for Certified Mail**

In his response to the Court's order to show cause, Plaintiff requested that the Court send all of his legal correspondence by certified mail in the future. Dkt. No. 7, p. 1 (Pg. ID No. 33). In this filing, Plaintiff states that he never received the Court's July 6, 2016 Order, Dkt. No. 5, at USP Hazelton, where Plaintiff was incarcerated at that time. He also requests "to have all further correspondence sent

by certified mail," to "increase the probability of ensuring that the mail will be delivered to me and we will know the staff member's name that signed for it." *Id.*

The Court advises Plaintiff that the administrative procedures in this district provide that incarcerated *pro se* filers will receive orders of the court by first class mail, as incarcerated persons are not permitted to use electronic filing. Federal Rule of Civil Procedure 77(d) provides that the clerk shall serve notice of court orders immediately upon entry in the manner provided in Rule 5(b). Federal Rule of Civil Procedure 5(b)(2)(B) allows for service by mail, and states that: "Service by mail is complete on mailing." Here, the court clerk mailed service of the document, of which Plaintiff complains he never received.

The Court does not send its orders to litigants via certified mail. The Court and the court clerk are aware that Plaintiff is entitled to prompt notice of filings by first class mail, and will continue to ensure that notice is provided in the future. *See Johnson v. Michigan Dep't of Corr.*, 977 F.2d 581 (6th Cir. 1992) (affirming a district court's order denying a prisoner free photocopying of legal materials and refusing to mail out specific legal pleadings by certified mail); *Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1260 (D. Kan. 2007) (denying a prisoner's request to receive court orders via certified mail).

## V. Order

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED IN PART WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915(A) as to Defendants United States of America, Dr. Charles Samuel Jr., and Harrella Watts;

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED IN PART WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 21 as to Defendant Stone;

**IT IS FURTHER ORDERED** that Plaintiff shall submit three (3) additional copies of the complaint to the Court within sixty (60) days of the date of this order so that service may be effectuated upon each of the defendants. The Court shall provide Plaintiff with one copy of the complaint to assist him in this endeavor. This copy should be returned to the Court with the additional copies. Plaintiff's failure to comply with the Court's Order may result in dismissal of the complaint;

**IT IS FURTHER ORDERED** that Plaintiff shall provide the name and identity of the "John Doe" defendant named in this complaint to this Court within sixty (60) days of this order or the complaint will be dismissed without prejudice against this defendant;

**IT IS FURTHER ORDERED** that Plaintiff's request to receive correspondence from the Court via certified mail [7] is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 9, 2017  /s/Gershwin A Drain
Detroit, MI  HON. GERSHWIN A. DRAIN
  United States District Court Judge