UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM STAPLES,

Plaintiff,

v.

STONE, *et al.*,

Defendants.

_____/

Case No. 16-cv-12367

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [9], DIRECTING SERVICE WITHOUT PREPAYMENT OF COSTS, AND AUTHORIZING THE UNITED STATES MARSHAL TO COLLECT COSTS AFTER SERVICE IS MADE**

**I. INTRODUCTION**

In June 2016, Plaintiff William Staples filed a *pro se* civil rights complaint. Dkt. No. 1. Plaintiff is a federal prisoner currently confined at the United States Federal Correctional Institution in Estill, South Carolina. Dkt. No. 10. Plaintiff's brought his complaint against seven defendants, pleading a variety of claims stemming from different instances of alleged mistreatment while incarcerated. *See* Dkt. No. 1. After reviewing Plaintiff's complaint, the Court dismissed improperly joined claims and defendants, and ordered Plaintiff to provide materials needed to properly serve remaining defendants. Dkt. Nos. 5, 8.

Plaintiff submitted extra copies of the complaint, but also filed an objection to the Court's order. While objections are properly filed to dispute the findings of a magistrate judge's report and recommendation, the correct means by which to dispute a district court judge's order is a motion for reconsideration. Accordingly, the Court will interpret Plaintiff's objection [9] as moving the Court to reconsider its prior ruling.

For the reasons stated below, the Court **DENIES** Plaintiff's motion [9].

## II. Legal Standard

"A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1).[1] Under this Court's Local Rules, the Court may not grant a motion for reconsideration that merely presents the same issues upon which the Court already ruled. E.D. Mich. LR 7.1(h)(3). Additionally, the movant must demonstrate that there is a palpable defect in the opinion or order under attack and that correcting the defect will result in a different disposition of the case. *Id.*; *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

---

[1] Although Plaintiff failed to meet this deadline, the Court will nevertheless consider the points he raised in his "objection."

# III. DISCUSSION

## A. Failure to State a Claim

Plaintiff first objects that the Court should not dismissed some of his claims prior to summary judgment. Dkt. No. 9, p. 2 (Pg. ID 55). However, contrary to Plaintiff's argument, the Court did not dismiss his claim based on facts. The Court dismissed Plaintiff's claim alleging his rights were violated by having to pay a $2.00 co-pay for each medical visit because the Sixth Circuit has already determined that a claim cannot result from his action. *See White v. Corr. Med. Servs. Inc.*, 94 F. App'x 262, 264 (6th Cir. 2004) ("It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay."). Even assuming all of Plaintiff's alleged facts to be true, this claim cannot legally rise to the level of a constitutional violation and was properly dismissed with prejudice.

Accordingly, the Court denies Plaintiff's motion as to this point.

## B. Dismissal of Defendant United States

Second, Plaintiff objects to the Court's dismissal of Defendant United States on the ground of sovereign immunity, arguing that he may pursue the United States as a defendant under the Federal Tort Claims Act. Dkt. No. 9, p. 3 (Pg. ID 56).

Nevertheless, even if Plaintiff did have the right to pursue a claim under the Federal Tort Claims Act, the Court properly dismissed this claim for misjoinder

and failure to state a claim because Plaintiff named the United States as a defendant only in his co-pay claim. As stated above, the law does not support Plaintiff's argument that having to pay $2.00 in co-pay for a medical visit while in prison is a violation of his constitutional rights. Because only one of Plaintiff's claims remains—the claim against Defendants Murphy, Brown, and Doe for forcing him to work while ill, causing him to have a heart attack—Defendant United States was properly dismissed from this action.

Thus, the Court also denies Plaintiff's motion as to this point.

## C. Naming John Doe

Plaintiff's third and final objection is to the Court ordering him to produce the identity of Defendant John Doe. Dkt. No. 9, p. 3 (Pg. ID 56). Plaintiff requests that he be allowed to wait until the end of discovery before naming and serving this defendant. *Id.*

As the Court stated in its prior order, "[a]n inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving upon him a summons and copy of the complaint." *Reed-Bey v. Pramstaller*, No. 06–10934, 2007 WL 2421422 at *2 (E.D. Mich. Aug. 23, 2007) (citing *Feliciano v. DuBois*, 846 F. Supp. 1033, 1048 (D. Mass. 1994)). It is well settled in the Sixth Circuit that a complaint cannot be commenced against fictitious parties, because those parties

were not identified or served with process. *Bufalino v. Michigan Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

The Court will allow Plaintiff an additional sixty (60) days after his complaint has been served on the remaining named parties—Defendants Murphy and Bowman—to engage in discovery to find the identity of Defendant Doe. Should Plaintiff fail to identity Defendant Doe and provide his identity to the Court within that time, Doe will be dismissed from the case.

Accordingly, the Court denies Plaintiff's request to leave a defendant unidentified and unserved with summons until completion of discovery.

## IV. ORDER

**IT IS HEREBY ORDERED** that the Court **DENIES** Plaintiff's Motion for Reconsideration [9].

**IT IS FURTHER ORDERED** that the United States Marshal shall serve the appropriate papers in this case on Defendants Murphy and Bowman without prepayment of the costs for such service. The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of all future documents on defendant(s) or on defense counsel if legal counsel represents defendant(s). Plaintiff shall attach to all original documents filed with the Clerk of the Court a certificate stating the date that Plaintiff mailed a copy of the original

document to defendant(s) or defense counsel. The Court will disregard any paper received by a District Judge or a Magistrate Judge if the paper has not been filed with the Clerk or if it fails to include a certificate of service.

**IT IS FURTHER ORDERED** that Plaintiff shall provide the name and identity of the "John Doe" defendant named in this complaint to this Court within sixty (60) days of his Complaint being served upon remaining Defendants Murphy and Bowman. Should Plaintiff fail to provide the Court with Defendant Doe's identity within that time period, Defendant Doe shall be dismissed from the case.

**IT IS SO ORDERED.**

Dated:      May 18, 2017          /s/Gershwin A Drain
Detroit, MI                       HON. GERSHWIN A. DRAIN
                                  United States District Court Judge