UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM STAPLES,

        Plaintiff,  Case No. 2:16-cv-12367
v.  JUDGE GERSHWIN A. DRAIN

MURPHY, *et al.*,

        Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

Plaintiff filed a *pro se* civil rights complaint against Defendants on June 23, 2016. Dkt. No. 1. Plaintiff is a federal prisoner currently confined at the United States Federal Correctional Institution in Salters, South Carolina. For the reasons that follow, the complaint is DISMISSED WITHOUT PREJUDICE because of plaintiff's failure to prosecute the case by serving the defendants in a timely manner.

**I. Background**

Plaintiff filed a lawsuit against seven defendants. The Court reviewed plaintiff's complaint, dismissed the United States of America and two individuals as defendants and ordered Plaintiff to provide copies and documentation needed to

1

effectuate service in July 2016. Dkt. No. 5.

After Plaintiff failed to comply with the July order, the Court ordered Plaintiff to show cause why his case should not be dismissed on December 13, 2016. Dkt. No. 6.

On January 9, 2017, this Court issued a second dismissal order, dismissing defendant Stone from the complaint. The Court also ordered Plaintiff to supply the Court with sufficient copies of his complaint so the United States Marshal Service could serve the remaining defendants. Dkt. No. 8.

The Marshal Service received the requested copies of the complaint on May 18, 2017. Dkt. No. 13. The United States Marshal Service then attempted service on Defendants Murphy and Bowman. On June 28, 2017, the United States Marshal Service received the Waiver of Service returned as unexecuted as to both Defendants Murphy and Bowman. Dkt. No. 14. Defendant Murphy no longer works at the Bureau of Prisons, and there is no current Milan employee with the last name Bowman. Dkt. No. 14, pg. 1 (Pg. ID 76).

On August 10, 2017, this Court entered an Order for Plaintiff to Show Cause Why This Case Should Not be Dismissed for Failure to Prosecute. Dkt. No. 15. Plaintiff responded on September 15, 2017. Dkt. No. 16.

On November 3, 2017, this Court dismissed the order to show cause and again directed the Marshal Service to attempt to serve the remaining two defendants. Dkt. No. 17.[1]

The Marshal Service received the order directing service/reservice on February 2, 2018. Dkt. No. 19. However, there is nothing in the record to indicate that either defendant has been served.

On December 21, 2018, this Court entered a second Order for Plaintiff to Show Cause Why This Case Should Not be Dismissed for Failure to Prosecute. Dkt. No. 21. Plaintiff filed two responses on January 14, 2019 and January 22, 2019. Dkt. No. 22, 23. In his responses, plaintiff argues that the Marshal Service's attempt to serve the defendants at their last place of employment at the Federal Correctional Institution (FCI) in Milan, Michigan was sufficient service under federal and state law since the waiver of service was received by a staff member at FCI-Milan.

## II. Discussion

The Federal Rules of Civil Procedure require a plaintiff to serve each defendant a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Where, as here, a plaintiff has been authorized to proceed *in forma pauperis*, "the court may direct that service be effected by a United States Marshal." Fed.R.Civ.P.

---

[1] The "John Doe" defendant was dismissed because plaintiff never identified this defendant, although he was given time to do so by this Court.

4(c)(2). A plaintiff like Mr. Staples who alleges a claim against a United States employee in an individual capacity must serve both the United States and the employee in accordance with the procedures outlined in Rule 4(e), (f), or (g). *See* Fed. R. Civ. P. 4(i)(3). The relevant provision in this case would be Fed. R. Civ. P. 4(e), which requires that the summons be personally served upon the defendant. Fed. R. Civ. P. 4(e)(2). A plaintiff has 90 days after filing the complaint to serve process. *See* Fed. R. Civ. P. 4(m). If the plaintiff fails to meet this requirement, the court may dismiss the action against the unserved defendant without prejudice. *Id.* Upon a showing of good cause for the failure, however, the court must extend the time for service. *Id.*

Plaintiff's argument that service on the two defendants was accomplished when the Marshal Service attempted to serve them at their last place of employment is unavailing. *See Bernier v. Trump*, 299 F. Supp. 3d 150, 158-59 (D.D.C. 2018)(District Court should have dismissed prisoner's *Bivens* claim against former chief physician of the Federal Bureau of Prisons (BOP) for lack of personal jurisdiction based on insufficient service of process, where attempted service to physician at the BOP's central office by United States Marshal on behalf of prisoner was unsuccessful given that, according to BOP employees, physician no longer worked for the BOP). Although Fed. R. Civ. P. 4(e)(2)(C) permits the service of a complaint upon "an agent authorized by appointment or by law to

4

receive service of process," plaintiff is not entitled to avail himself of this provision because he made no showing of an agency relationship between the Federal Bureau of Prisons or any of its employees and the two defendants. *See Staples v. United States*, No. 18-6070, ---- F. App'x----; 2019 WL 413746, at * 5 (10th Cir. Feb. 1, 2019). An agency appointment, for purposes Fed. R. Civ. P. 4(e)(2)(C), "usually requires an 'actual appointment for the specific purpose of receiving process.'" *Nyholm v. Pryce*, 259 F.R.D. 101, 104 (D.N.J. 2009). Plaintiff has made no such showing.

Plaintiff is correct that service may be effected pursuant to the law of the state in which the district court is located. Fed.R.Civ.P. 4(e)(1). The Michigan Court Rules provide that process may be served on a resident or nonresident individual by:

> delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A). Additionally, Michigan Court Rule 2.105(H)(1) indicates that:

> Service of process on a defendant may be made by serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process.

5

Mich. Ct. R. 2.105(H)(1).

Plaintiff would not be entitled to avail himself of Mich. Ct. R. 2.105(H)(1) because there is no evidence that the Federal Bureau of Prisons or any of its employees were authorized by written appointment or law to accept service on behalf of the defendants. *See McLean v. Dearborn*, 302 Mich. App. 68, 80, 836 N.W.2d 916, 923 (2013).

Plaintiff's complaint shall be dismissed without prejudice because he failed to execute service upon the defendants in a timely manner or establish good cause for an extension of time, particularly where he has already been given several extensions of time to serve the defendants. *See Reed-Bey v. Pramstaller*, 607 F. App'x. 445, 450 (6th Cir. 2015).

### III. ORDER

**IT IS HEREBY ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE.**

Dated:   April 5, 2019

s/Gershwin A. Drain  
HON. GERSHWIN A. DRAIN  
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 5, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern<br>
Case Manager